# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

LISA ADAMS, individually, and on behalf of a )
class of others similarly situated, )
            )
            Plaintiff, )
            )
v. )
            ) No. 11-00449-CV-W-DW
            )
HY-VEE, INC., )
            )
            Defendant. )
            )

## ORDER

Before the Court are Plaintiff's Motion for Conditional Collective Action Certification

(Doc. 45), Defendant's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion

for Conditional Certification (Doc. 59), Plaintiff's Motion for Leave to File Second Amended

Complaint (Doc. 57) and Defendant's Motion to Dismiss Plaintiff's Rule 23 Claims (Doc. 66).

## I.  BACKGROUND

Defendant Hy-Vee, Inc. operates approximately 233 grocery stores in eight states

throughout the Midwest.  Plaintiff was employed by Defendant from 2001 to 2011 at various

stores, where she worked in the following job positions: Assistant Manager, Assistant Manager

of Store Operations, Assistant Manager of General Merchandise, Assistant Manager of

Perishables, Produce Manager Trainee and Produce Manager.  On March 16, 2011, Plaintiff filed

this action in the Circuit Court of Jackson County, Missouri alleging Defendant violated the

Missouri Minimum Wage Law and Missouri's common law equitable principles of unjust

enrichment.  Plaintiff brought this action individually and on behalf of a class of others similarly

situated.  Defendant removed pursuant to the Class Action Fairness Act.

Subsequently, Plaintiff moved to amend her complaint to add a claim for violations of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  Defendant did not oppose the

amendment, and the Court granted Plaintiff leave to file her Amended Complaint.  In her

Amended Complaint, Plaintiff states that she brings her claim for FLSA violations on behalf of

herself and the following two classes of persons:

> All trainee department managers employed by Hy-Vee who were classified
> as salaried, non-exempt and who worked in stores nationwide in the last three
> years.
>
> and
>
> All department managers employed by Hy-Vee who were classified as
> exempt and who worked in stores nationwide in the last three years.

Plaintiff then filed a motion for conditional certification of the FLSA classes.  In her

motion for certification, Plaintiff asks the Court to certify the following two classes:

> All current and former Hy-Vee employees employed by Hy-Vee within the
> [last] three years who were classified as salary non-exempt and who worked
> more than 40 hours in a workweek.
>
> and
>
> All current and former Department Managers employed by Hy-Vee within the
> past three years who were classified as exempt from the FLSA's overtime
> requirements and who worked more than 40 hours in a workweek.

In its opposition to certification, Defendant raised the argument that Plaintiff is now

seeking to certify a class broader than the class set forth in her Amended Complaint.  Defendant

noted that in Plaintiff's motion to certify, she expanded the class from salaried, non-exempt

trainee department managers to all salaried, non-exempt employees, regardless of their position.

In response, Plaintiff filed a motion for leave to file a Second Amended Complaint which

includes the broader class contemplated in her motion for certification.  These motions, plus

Defendant's motions to file a sur-reply and to dismiss Plaintiff's Rule 23 claims, have been fully briefed and are ready for ruling.

## II. MOTION TO AMEND

Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 57) is granted. Leave to amend shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "Unless there is a good reason for denial, 'such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004) (internal citations omitted). Defendant argues that Plaintiff should not be granted leave to amend because of futility, undue delay and undue prejudice.

First, the Court finds that futility is not a proper basis to deny Plaintiff leave to amend. Defendant argues that an amendment would be futile because the proposed classes are not properly certifiable. As discussed more fully herein, the Court conditionally certifies one of the proposed classes, therefore this argument is moot. Second, the Court finds that Plaintiff did not act with undue delay. Plaintiff moved to amend in the initial stages of this action, prior to the Court setting a trial date or discovery deadline. Finally, the Court finds that Defendant is not unduly prejudiced by the amendment. Defendant states that it is prejudiced because prior to the plaintiff seeking leave to amend, the parties had already conducted discovery related to the certification issue and Defendant had already responded to Plaintiff's motion for conditional certification. However, the discovery conducted was minimal and Defendant addressed the proposed expanded salaried, non-exempt class in its opposition to certification.[1]

---

[1] See Def.'s Opp'n to Certification at 17-18, 33.

As the Court finds no good reason for denial, Plaintiff is granted leave to file her Second Amended Complaint. Because the Court is granting Plaintiff leave to amend, it will consider the classes contemplated in the Second Amended Complaint in determining the certification issue. Cf. Costelo v. Chertoff, 258 F.R.D. 600, 604-05 (C.D. Cal. 2009) ("The Court is bound to class definitions provided in the complaint and, *absent an amended complaint*, will not consider certification beyond it." (emphasis added)).

### III. MOTION FOR COLLECTIVE ACTION CERTIFICATION

Plaintiff's Motion for Conditional Collective Action Certification (Doc. 45) is granted in part and denied in part. The FLSA requires employers to pay covered employees overtime compensation for hours worked in excess of 40 per week at a rate not less than one and one-half times the regular rate of compensation. See 29 U.S.C. § 207(a). However, the FLSA also provides certain exceptions to this rule, for example, "any employee employed in a bona fide executive, administrative, or professional capacity" is exempt from the overtime requirements set forth in § 207(a). See § 213(a); see also Fife v. Harmon, 171 F.3d 1173, 1175 (8th Cir. 1999) (noting that the Secretary of Labor has promulgated extensive regulations defining the types of employees who are exempt). If an employer properly designates an employee as exempt, the employer does not have to pay the employee overtime compensation; however, all employees classified as non-exempt should receive overtime compensation.

A non-exempt employee may be paid at an hourly rate or by salary. The FLSA provides a mechanism for employers to pay a salaried, non-exempt employee who has duties that necessitate irregular hours of work. This mechanism is referred to as the "fluctuating workweek method," and federal regulations describe the use of such method:

An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the [FLSA] . . . .

29 C.F.R. § 778.114(a). This regulation further explains the manner in which overtime compensation is calculated in the fluctuating workweek method. The employee is compensated for overtime hours at a rate not less than one-half his regular rate of pay. Id. "[T]he regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week."[2] Id. As explained in the regulation, an employer may only pay a salaried, non-exempt employee using this method if the parties have a "clear mutual understanding" of the payment arrangement.

Plaintiff alleges that Defendant violated the FLSA in that Defendant misclassified Department Managers as exempt from overtime compensation and Defendant improperly applied the fluctuating workweek method to salaried, non-exempt employees. As previously explained, Plaintiff seeks to bring this action on behalf of herself and other current and former employees of Defendant. The FLSA allows an employee to bring a claim on behalf of herself and other similarly situated employees, although the FLSA does not define "similarly situated." See § 216(b); Davis v. NovaStar Mortg., Inc., 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005). The Eighth Circuit has not addressed the standard for determining whether the plaintiff and the class she

---

[2] Under this system, "[p]ayment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement." Id.

wishes to represent are "similarly situated," but the Western District of Missouri and other

district courts in this circuit have used a two-step approach. Young v. Cerner Corp., 503 F.

Supp. 2d 1226, 1229 (W.D. Mo. 2007). Under the two-step approach, the plaintiff moves for

conditional certification early in the litigation and if granted, the defendant may move to

decertify the class at the close of discovery.[3] Id.

Because the plaintiff moves to certify the class so early in the litigation, the "similarly

situated" standard for certification is a lenient one that typically results in conditional

certification. Id.; see also Fast v. Applebee's Int'l, Inc., 243 F.R.D. 360, 362-63 (W.D. Mo.

2007). This standard requires "nothing more than substantial allegations that the putative class

members were together the victims of a single decision, policy or plan." Davis, 408 F. Supp. 2d

at 815. At this stage in the certification process, the plaintiff need not prove that the potential

class members are actually similar: that determination is made after the close of discovery.

Kautsch v. Premier Commc'ns, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007). Nor are credibility

determinations or an examination of the merits of the plaintiff's claim appropriate at this stage.

Wacker v. Pers. Touch Home Care, Inc., No. 08-93, 2008 WL 4838146, at *2 (E.D. Mo. Nov. 6,

2008); Kautsch, 504 F. Supp. 2d at 688.

Although the standard is lenient, it is not invisible. Parker v. Rowland Express, Inc., 492

F. Supp. 2d 1159, 1164 (D. Minn. 2007). It is the plaintiff's burden to prove the potential

plaintiffs are similarly situated and she may do this through signed declarations or affidavits

based on personal knowledge. Robertson v. LTS Mgmt. Servs. LLC, 642 F. Supp. 2d 922, 926

---

[3] Unlike Rule 23 class actions, a plaintiff must opt-in to an FLSA collective action. Therefore, if the court conditionally certifies the FLSA class in the first step, notice is given to the putative class members and they are given the opportunity to opt-in to the action. Once the time period for opting-in has passed and the parties have conducted discovery, the defendant may move to decertify the class if it believes that the class members are not actually similarly situated.

(W.D. Mo. 2008); Young, 503 F. Supp. 2d at 1229; Freeman v. Wal-Mart Stores, Inc., 256 F.

Supp. 2d 941, 945 (W.D. Ark. 2003). Unsupported assertions or those not based on personal

knowledge will not establish that plaintiffs are similarly situated. See Wacker, 2008 WL

4838146, at *2; Freeman, 256 F. Supp. 2d at 945.

## A. Department Manager Class

The Court finds that certification of the proposed class of Department Managers is

inappropriate because Plaintiff has not presented substantial allegations that the putative class

members were together victims of a single decision, policy or plan. Between December 1, 2008

and June 1, 2011, Defendant employed 3,116 Department Managers. During that time period

Defendant did not have a corporate-wide policy regarding the classification of Department

Managers as exempt or non-exempt. That determination was left to the discretion of the Store

Directors.[4] As a result of this discretion, during the previously-mentioned time period, Store

Directors classified 957 Department Managers as non-exempt and 2,351 as exempt. In June of

2011, Defendant made the decision to implement a corporate-wide policy that Store Directors

could only classify Managers as exempt. This resulted in all Assistant Managers and Department

Managers being classified as non-exempt.

Plaintiff does not contest that prior to June 2011, the decision to classify a Department

---

[4] In Plaintiff's suggestions in support of certification, she provides a chart that reflects the hierarchy of management in Hy-Vee stores. Plaintiff states that each Hy-Vee store is managed by a Store Director, who is the highest ranking employee within the store. Under the Store Director are three equal Managers: Manager General Merchandise, Manager Store Operations and Manager Perishables. Under each Manager is an Assistant Manager. Under each Assistant Manager is a Department Manager, who manages one of 17 departments (such as bakery, dairy, etc.). Under the Department Manager are part-time and full-time employees. Defendant argues that this chart does not accurately reflect the structure in all stores because not every store employs Managers, many stores doe not employ Assistant Managers, some Department Managers oversee more than one department, the number and size of the departments vary among the stores and the number of employees working at a given store ranges from 18 to 600.

Manager as exempt or non-exempt was left to the discretion of the Store Director. Because each

Store Director had the discretion to classify Department Managers based on the circumstances in

his or her store, there is no single decision, policy or plan governing the putative class members

regarding exemption classifications. The Supreme Court's decision in Wal-Mart Stores, Inc. v.

Dukes, 131 S. Ct. 2541 (2011) is illuminating. Although Dukes involved a Rule 23 class action

rather than an FLSA collective action, the Supreme Court discussed the notion of a uniform

company-wide policy. The Supreme Court stated: "The only corporate policy that the plaintiffs'

evidence convincingly establishes is Wal-Mart's 'policy' of *allowing discretion* by local

supervisors over employment matters. On its face, of course, that is just the opposite of a

uniform employment practice . . . ." Id. at 2554 (emphasis in original). District courts have

relied on the Supreme Court's discussion in Dukes in determining whether a single policy exists

such that collective certification is appropriate under the FLSA. See, e.g., Ruiz v. Serco, Inc.,

No. 10-394, 2011 WL 7138732, at * 9 (W.D. Wis. Aug. 5, 2011).

Similar to Dukes, Defendant's policy here was to allow discretion by local supervisors

over classification. Because there was no company-wide policy regarding classification, if the

Court certified the class it would eventually have to determine why each Department Manager

was classified as exempt by his or her respective Store Director.[5] Such individualized inquiries

are not appropriate for class-wide certification. See Young, 503 F. Supp. 2d at 1232; Freeman,

256 F. Supp. 2d at 945. As one district court has noted:

---

[5] The evidence Plaintiff has submitted in support of certification illustrates this point. Plaintiff submitted the declaration of Tarci Slaybaugh, a Store Director in Omaha, Nebraska. Ms. Slaybaugh states that prior to June 2011, she made all classification decisions as Store Director. She made the decisions by looking at the "actual duties of the people in [her] store" and deciding whether each person should be classified as exempt. She explains that she "classified each individual based on the duties they were performing in [her] store and the amount of managerial responsibility they had."

The purpose behind collective actions is to allow for a streamlined and efficient adjudication of the claims of similarly situated plaintiffs. See Hoffmann-LaRoche Inc., 493 U.S. at 170-171. Where the record before the court demonstrates that there is no common policy or scheme and instead individualized questions of fact predominate, the action is not an appropriate one for certification.

Blaney v. Charlotte-Mecklenburg Hosp. Auth., No. 10-592, 2011 WL 4351631, at * 10

(W.D.N.C. Sept. 16, 2011). For the foregoing reasons, Plaintiff's motion to conditionally certify

a class of all "current and former Department Managers employed by Hy-Vee within the past

three years who were classified as exempt from the FLSA's overtime requirements and who

worked more than 40 hours in a workweek" is denied.

## B. Salaried, Non-Exempt Class

The Court finds that conditional certification of the proposed class of salaried, non-

exempt employees is appropriate. Plaintiff's arguments supporting collective certification of a

class of salaried, non-exempt ("SNE") employees are as follows:

- All SNE employees are classified as non-exempt and purportedly paid according to the fluctuating workweek.

- The Visual Labor Management ("VLM")[6] manual is distributed to all store directors and payroll personnel and contains a facially illegal policy.

- The VLM manual is intended to be the guide by which store personnel operate the payroll system.

- Defendant has a written policy and company practice of auto-populating SNE employees' scheduled shift into the payroll system instead of recording their actual hours worked.

- SNE employees work over 40 hours per week.

- No clear, mutual understanding existed between the SNE

---

[6] VLM is a payroll and timekeeping system used by Defendant. The VLM manual provides the operating instructions for the system.

employees and Defendant as to how they would be paid.

The plaintiff has provided five declarations of current and former employees of Defendant. In these declarations, the employees state that: they did not have a clear understanding regarding the fluctuating workweek method and did not know they were classified as salaried, non-exempt; they were informed that they did not have to keep track of how many hours they worked; they were told to record that they worked 45 hours each week, regardless of the actual number of hours worked; and they were informed that if they consistently recorded more than 45 hours per week, they would be required to work more hours without a change in pay.[7] The plaintiff has also provided her time sheets reflecting that she consistently recorded 45 hours per week of work. The Court finds that Plaintiff has satisfied the lenient conditional certification standard by setting forth substantial allegations that the putative class members are similarly situated. Therefore, the Court certifies a class of "all current and former Hy-Vee employees employed by Hy-Vee within the last three years who were classified as salary non-exempt and who worked more than 40 hours in a workweek."

### C. Notice and Scheduling Order

Plaintiff's proposed notice is approved except that all references to the Department Manager class shall be removed and the second bullet point on the first page shall be modified to read: "Hy-Vee believes that it has fully and properly paid salaried, non-exempt employees for all hours worked." Defendant is not required to post notice of this lawsuit in its break rooms. Defendant shall produce the name and last-known mailing address of each putative class member. Defendant shall provide this contact information to Plaintiff within fourteen (14) days from the date of this Order. The Court authorizes Plaintiff to disseminate notice to the putative

---

[7] These are a summation of the declarations; each allegation was not raised in each declaration.

class members and to publish an internet website where class members may submit a consent to join form electronically. The opt-in period shall conclude 90 days after notice is sent. Pursuant to the Court's July 26, 2011 Order (Doc. 19), the parties shall file a proposed scheduling order within thirty (30) days of this Order, which shall include proposed deadlines for: a decertification motion,[8] the close of discovery, discovery motions, expert disclosures, dispositive motions and the trial date and trial-related deadlines.

## IV.  MOTION TO FILE SUR-REPLY

Defendant's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Conditional Certification (Doc. 59) is granted and deemed filed.

## V.  MOTION TO DISMISS

Defendant's Motion to Dismiss Plaintiff's Rule 23 Claims (Doc. 66) is granted. Plaintiff does not oppose the motion and has agreed that she is no longer seeking Rule 23 class certification of her Missouri law claims.

## VI.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1)  Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 57) is GRANTED. Plaintiff shall electronically file her Second Amended Complaint;

2)  Plaintiff's Motion for Conditional Collective Action Certification (Doc. 45) is GRANTED IN PART and DENIED IN PART. Notice to the putative class members shall be disseminated in accordance with this Order;

3)  Defendant's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Conditional Certification (Doc. 59) is GRANTED and Defendant's

---

[8]  The deadline the Court previously set for decertification motions is vacated.

Sur-Reply is deemed filed;

4)      Defendant's Motion to Dismiss Plaintiff's Rule 23 Claims (Doc. 66) is

        GRANTED; and

5)      Within thirty (30) days, the parties shall file a proposed scheduling order.

SO ORDERED.


Date:   May 22, 2012                                     /s/ Dean Whipple
                                                          Dean Whipple
                                                  United States District Judge